NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHERINE HICKMAN, | No. 09-35845 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00517-KI |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted August 31, 2010[**]
Seattle, Washington

Before: HAWKINS, McKEOWN and BEA, Circuit Judges.

Catherine Hickman ("Hickman") appeals the district court's order affirming

the ALJ's denial of her claim for supplemental security income disability benefits.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

The district court held that the ALJ had properly performed the necessary five-step sequential disability analysis in determining that Hickman had residual functional capacity ("RFC") to perform a significant number of jobs that exist in the national economy. Hickman challenges the RFC determination, asserting error based on the ALJ's rejection of evidence that she suffers from a reading disorder, and the fact the ALJ discounted testimony from Hickman's doctors and lay witnesses.

We must affirm the district court's affirmance of the ALJ's decision if the ALJ applied the correct legal standards and the decision is supported by substantial evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

We conclude that substantial evidence supports the ALJ's determination, at step five of the sequential disability analysis, that Hickman could perform jobs that exist in significant numbers in the national economy. The ALJ properly relied on the testimony of the vocational expert ("VE") that a hypothetical person of Hickman's age, educational background, work experience and RFC could work as an office helper, a job that exists in significant numbers in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

Any error in the ALJ's failure to include a reading disorder as one of Hickman's severe impairments at step two of the analysis is harmless. The ALJ found Hickman suffered from other severe impairments and, thus, step two was already resolved in Hickman's favor. Moreover, there is substantial evidence in the record that the claimed reading disorder would not have disqualified Hickman from the office helper jobs the VE testified she could perform. Thus, any failure to include the reading disorder at step two is harmless error. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Contrary to Hickman's assertion, the ALJ correctly assessed the testimony of Hickman's doctors. An ALJ can reject or discount an examining physician's opinion that is inconsistent with the opinions of other treating or examining physicians if the ALJ provides specific, legitimate reasons for doing so, which reasons are based on substantial evidence in the record. *Tommasetti,* 533 F.3d at 1038. Here, each time the ALJ discounted the testimony of one of Hickman's doctors, she provided specific and legitimate reasons for doing so, such as Dr. Tilley's testimony that Hickman had full range of motion and no objective reason for pain.

The ALJ also gave proper weight to lay witness testimony. An ALJ must consider lay witness testimony about a claimant's ability to work and cannot

3

discount such testimony without giving reasons that are germane to each witness. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Here, five lay witnesses testified. The ALJ found that none of the witnesses' testimony supported the conclusion that Hickman suffered from *greater* limitations than those identified in her RFC. That conclusion is germane to *each* witness and is supported by substantial evidence, namely the lay witness statements that showed Hickman engaged in a wide range of independent activities consistent with the ability to do work at the level set out in her RFC.

Because the ALJ correctly applied the five-step sequential disability analysis and the decision at each step was supported by substantial evidence, the district court properly affirmed the ALJ's denial of supplemental security income disability benefits.

**AFFIRMED.**